## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                    )
                                          )
JANET MARIE JONES,                        )          Case No. 05-51134
                                          )
        Debtor.                           )

### MEMORANDUM ORDER

The matter presently before the Court in this Chapter 13 case is the Debtor's objection to the claim of the Internal Revenue Service ("I.R.S.") (Claim No. 14-1).  For the reasons set out herein, the I.R.S.'s claim will be disallowed.

The Debtor objected to the I.R.S.'s claim on grounds that the Debtor "requires supporting documentation to establish what basis there may be for this claim" and that it was untimely filed.  The objection also contained a statement that the Debtor "is entitled to discharge this claim." In its response to the objection, the United States, on behalf of the I.R.S., admitted that the claim was untimely filed but implicitly argued that the late filing was effectively excused because the I.R.S. had audited the Debtor's tax returns and had determined post-petition that the Debtor owed taxes totaling $9,884.08 (priority taxes of $8,038.58 and general unsecured taxes of $1,845.50).  The I.R.S.  further argued that the claim was nondischargeable because the Debtor had not included provisions in her Chapter 13 plan for payment of the tax liabilities.

The facts are relatively simple and are uncontested.  The Debtor filed her bankruptcy petition on August 4, 2005, and the deadline for the filing of governmental claims was February 5, 2006. At the time she filed her bankruptcy petition, the Debtor apparently believed that she owed no taxes. However, according to the I.R.S.'s response, at some point after the bankruptcy filing the Debtor's 2004 tax return was chosen for examination, and that examination resulted in a determination that the Debtor owed $9,884.08 in taxes.  The Debtor amended her schedules on May 1, 2007, to add the I.R.S. as a priority creditor, but she did not amend her plan to provide for payment of the tax liability.  The I.R.S.  filed its claim on September 21, 2007, over 20 months past the deadline and without  filing a motion requesting leave to file the claim out of time.

The I.R.S. has not advanced  (nor has the Court found) any legal basis for excusing  the I.R.S. from compliance with the deadlines in Fed. R. Bankr. P. 3002 for filing proofs of claim.  Nor

has it offered any evidence that its failure to timely file its claim was due to excusable neglect. Finally, the I.R.S. does not argue that it was ignorant of the Debtor's bankruptcy filing.

The I.R.S. could have (and should have) filed a motion for extension of the claims filing deadline or requesting leave to file the claim out of time.  Under the circumstances, such a request would almost certainly have been granted.  *See In re Limited Gaming of America,* 213 B.R. 369 (Bankr. N.D. Okla. 1997).  Because the I.R.S. did not obtain an extension of the filing deadline, and because the claim was admittedly filed after the deadline, the claim was untimely and must be denied.

The arguments as to dischargeability of the tax liability are misplaced.  The issue of dischargeability must be raised in an adversary proceeding, not in an objection (or response) to a proof of claim.

For the reasons set out above, it is

**ORDERED** that the Debtor's objection to Claim No. 14-1 filed by the I.R.S. on September 21, 2007, is hereby sustained, and that claim is hereby disallowed pursuant to 11 U.S.C. § 502(b)(9).

**IT IS FURTHER ORDERED** that all amounts disbursed by the Chapter 13 trustee to the I.R.S. on the disallowed claim, if any, shall be disgorged by the I.R.S. and returned to the Chapter 13 trustee for distribution to other creditors pursuant to the Debtor's confirmed Chapter 13 plan.

**SO ORDERED** this 2nd day of April 2008.


 /s/   Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Douglas S. Polsky
Susan Bratcher
Richard V. Fink